IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 04 C 1075 |
| | ) | |
| TIMOTHY BROWN, | ) | **Judge Ronald A. Guzmán** |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Timothy Brown's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On February 4, 2003, this Court sentenced Brown to 170 months of incarceration for bank robbery, 18 U.S.C. § 2113(a). For the reasons provided below, the motion is denied.

## DISCUSSION

Under 28 U.S.C. § 2255, a federal prisoner may move a district court to vacate, set aside or correct a sentence that was "imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." Rule 4(b) of the Rules Governing Section 2255 Proceedings (2003). "[T]he district court is entitled to consider all the circumstances in the record in determining whether a hearing should be afforded." *Aleman v. United States*, 878 F.2d 1009, 1012 (7th Cir. 1989) (quotation omitted).

In his motion pursuant to Section 2255, Brown stated: "I am not seeking any reduction in my sentence. I only want the express threat of death and the violence attributed to me because of that taken from my record." (Mot., Ex. A-1.) It appears that Brown believes he was placed in the Leavenworth, Kansas prison because, according to Brown, the Bureau of Prisons considered him a violent offender based solely on the government's allegation that he made an express threat of death when he robbed a bank. (*Id.*) In response, the government argued, in part, that (1) Section 2255 does not provide the type of relief Brown seeks, (2) he was, in essence, seeking relief under Section 2241, and (3) the proper venue for such a motion is another district (previously in Kansas and now in Missouri), where Brown is being held.[1] Had the Court not allowed Brown to amend his motion to include a request to vacate his sentence based on ineffective assistance of counsel, which brings the case within the purview of Section 2255, that certainly would have been the case. However, due to the permitted amendments, the Court has jurisdiction over this matter.

---

[1] In response to Brown's Section 2255 motion, the government provides the affidavit of Glenda Sackett, a Correctional Programs Specialist for the Bureau of Prisons. (Gov't's Resp. § 2255 Mot., Ex. 2, Sackett Aff.) Sackett had personally calculated Brown's custody and classification score, and Brown is classified as a high severity offender based on his supervised release violation (bank robbery), two prior convictions for bank robbery (serious prior commitment and history of violence), and his escape from a community corrections center in 2001 (escape history). (*Id.* ¶ 4.) She states that all convictions for robbery are classified as greatest severity offenses pursuant to the Bureau of Prison's Security Designation and Custody Classification Manual. (*Id.* ¶ 5.) According to Sackett, the Bureau of Prisons considered neither the express threat of death issue nor Brown's career offender status in calculating his high security custody or classification score. (*Id.* ¶ 6.) In other words, Brown would remain classified as a high security offender without either of these factors. (*Id.*)

2

## I. Ineffective Assistance of Counsel

Although Brown raises his ineffective assistance of counsel claim for the first time in this collateral attack, procedural default no longer serves as a reason for dismissing this claim from his Section 2255 motion. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). Thus, the Court may proceed to the merits of his petition.

Brown faults his attorney for erroneously counseling him to abandon an appeal. Brown provides a sworn statement that he did not appeal because his attorney informed him that if he appealed the sentence and won, it would be within the government's discretion to recommend the maximum sentence under the guidelines and within the court's discretion to adopt the recommendation as well as run the sentence for robbery consecutively with Brown's other sentence imposed by Judge Conlon.

Where a defendant alleges that his counsel was constitutionally ineffective for failing to file a notice of appeal, the court applies the test announced in *Strickland v. Washington*, 466 U.S. 668, 688 (1984). *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000). "A defendant claiming ineffective assistance of counsel must show (1) that counsel's representation 'fell below an objective standard of reasonableness,' and (2) that counsel's deficient performance prejudiced the defendant." *Id.* (quoting *Strickland*, 466 U.S. at 688-94) (citations omitted).

First, Brown has not established that his counsel's representation fell below an objective standard of reasonableness. "[B]ecause counsel is presumed effective, a party bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995). The court "must seek to evaluate the conduct from counsel's perspective at the time, and must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance" *United States v. Ashimi*, 932

3

F.2d 643, 648 (7th Cir. 1991) (quotations and citation omitted).

Brown's plea agreement provides that "[a]t the time of sentencing, each party reserves the right to make any sentencing recommendation that they deem appropriate." (Plea Agreement ¶ 15.) It also states: "the Court ultimately determines the facts and law relevant to sentencing, and . . . the Court's determinations govern the final Sentencing Guidelines calculation," (id. ¶ 6), and "the sentencing judge is neither a party to nor bound by this Agreement and, subject to the limitations of the sentencing guidelines, may impose the maximum penalties" (id. ¶ 16).[2]

Given the language of the plea agreement that Brown entered with the government, the Court does not find that his counsel's advice fell below an objective standard of reasonableness. If re-sentenced, the government, under the terms of the plea agreement, would be free to recommend and the Court would be free to impose (given the facts and law presented at re-sentencing) the maximum sentence under the sentencing guidelines. Then the Court in its discretion would be required to revisit the issue whether Brown's sentence should run consecutively rather than concurrently with the sentence imposed by Judge Conlon. This is not a situation where counsel gave erroneous advice. Accordingly, Brown's counsel was not ineffective for warning Brown of the consequences of re-sentencing.

Even if Brown could establish that his counsel's performance fell below an objective standard of reasonableness, the Court would still deny the motion because Brown has failed to establish that he was prejudiced by any alleged deficiency. Brown argues that the Court should presume prejudice without analysis of the merits of an appeal because counsel did not file a an appeal. However, that presumption only applies when "defendants have had *no* assistance of

---

[2]The Court sentenced Brown to 170 months of incarceration. (H'rg Tr. at 49.) The maximum sentence for his guideline range was 188 months. (Id. at 48.)

counsel for *any* issues." *Kitchen v. United States*, 227 F.3d 1014, 1020-21 (7th Cir. 2000) (emphasis in original). The presumption of prejudice "has arisen when the defendant was hampered by the *complete* denial of counsel, meaning that the defendant never received the benefit of a lawyer's service in constructing potential appellate arguments." *Id.* at 1021 (quotations and citations omitted) (emphasis in original).

Brown states in his declaration that five days after his sentencing hearing, his attorney visited him at the Metropolitan Correction Center and counseled him regarding his appeal. Brown states that his counsel identified a potential issue for appeal, *i.e.*, the express threat of death issue, and discussed his likelihood of success and the potential advantages of the appeal. Given that Brown's attorney counseled him regarding a possible argument on appeal and Brown "chose not to appeal" (Def.'s Supplement at 2), the Court does not find that the facts of this case warrant a presumption of prejudice.

Thus, Brown is required to establish through objective evidence that if it were not for his counsel's alleged bad advice, there is a reasonable probability that he would have appealed. *See Roe*, 528 U.S. at 476-77; *Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991). *Cf. Strickland*, 466 U.S. at 694. A defendant's own declaration does not constitute objective evidence. *Paters v. United States*, 159 F.3d 1043, 1047 n.5 (7th Cir. 1998). A "lawyer's corroboration might qualify as sufficient confirming evidence" of ineffective assistance of counsel. *Id.* at 1047 n.6 (citation and quotation omitted).

In *Paters v. United States*, where the defendant moved to vacate his sentence based on ineffective assistance of counsel because his trial counsel rejected a plea agreement proposal and defendant offered his own declaration to establish the fact that he would have accepted the plea offer but for his counsel's advice, the Court held that defendant's own declaration did not

5

constitute objective evidence. *Id.* Similarly, in the instant case, Brown's own declaration does not constitute objective evidence that he would have appealed but for his counsel's advice.

In the Court's experience, section 2255 movants often supply an affidavit from their attorney in support of their motion claiming ineffective assistance of counsel. Although Brown was capable of contacting his attorney (Brown supplied his attorney's address in his motion) and could have supplied his attorney's affidavit, he failed to do so. Because Brown does not have objective evidence that if it were not for his attorney's alleged bad advice, there is a reasonable probability that he would have appealed, he has failed to establish the prejudice element of the *Strickland* test.

Moreover, the record in this case shows that any appeal of the Court's lack of finding as to the threat of death enhancement would have been frivolous. At the sentencing hearing, Brown's counsel requested that this Court rule on the threat of death enhancement. (Gov't's Resp. § 2255 Mot., Ex. A, Hr'g Tr. of 2/4/03 ("Hr'g Tr.") at 41.) The Court heard testimony and declined to rule on the issue because such an enhancement would not change Brown's offense level and therefore would not affect his sentence. (*Id.*)[3]

Brown argues that the Court's failure to rule on the express threat of death deprived him of the opportunity to argue in favor of a downward departure based on diminished capacity. (Pet'r's Traverse at 3.) However, the record shows that Brown's attorney fully presented

---

[3]The Court notes that when Brown's counsel expressed concern that a finding on the threat of death issue might impact the Bureau of Prison's placement of defendant, the Court stated that it was unclear whether the Bureau of Prisons would make a determination as to Brown's placement on that basis. (*Id.* at 42.) The Court surmised that the Bureau of Prisons would likely base its determination on Brown's criminal history and inability to conform to supervision after being released. (*Id.*) In any event, the Court stated: "It's not my duty to make a record for the Bureau of Prisons. It's my duty to make a determination for purposes of sentencing." (*Id.*)

6

Brown's diminished capacity argument and provided Dr. Mary Gardner's evaluation of Brown, which the Court reviewed. (Hr'g Tr. at 42-44.) Furthermore, the Court stated that "the only relevance of this evidentiary hearing and the issues posed by it goes to whether or not there's a diminished capacity in this case." (*Id.* at 41.) The Court ultimately declined to find diminished capacity because it found that any impairment Brown had did not effect his ability to control his conduct or his cognitive abilities to understand the nature of his actions. (*Id.*) The Court also stated that even if it had found diminished capacity, the downward departure would not apply due to the nature of the conduct, Brown's extensive criminal history, and the need to protect the public. (*Id.*) Accordingly, because the Court fully considered Brown's arguments regarding a downward departure based on diminished capacity, the Court finds that any appeal of the threat of death issue would have been a nonstarter. Therefore, Brown has failed to establish that he suffered any prejudice due to his counsel's alleged deficiency.

## II. *Blakely*, *Booker* and *Fanfan*

In addition, Brown briefly argues in support of his Section 2255 motion that "I make this pleading in lite [sic] of the Supreme Court's recent decision, ruling that the guidelines are unconstitutional as the Supreme Court ruled in *U.S. vs. Fan Fan* [sic], and *U.S. v. Booker*, and *U.S. v. Blakely*." Brown argues that such cases "effect [his] career offender status." (Pet'r's Mot. Traverse Nunc Pro Tunc, Ex. A. at 2.) His entire argument in this regard consists of two sentences.

Even if the Court were to find that Brown had sufficiently apprised the Court of the factual basis of these claims and even if he could establish cause and prejudice to excuse any

7

procedural default,[4] the Court would hold that these claims have no merit. For these purposes, the Court assumes that Brown is arguing that his career offender enhancement was unconstitutional because the fact of his prior convictions was not proven beyond a reasonable doubt.

In *Blakely v. Washington*, the Supreme Court held that a court's imposing sentencing enhancements under the state of Washington's mandatory guidelines system based on facts neither admitted by defendant nor found by a jury violated the Sixth Amendment. 542 U.S. 296, 303 (2004). The *Blakely* Court also stated that "the 'statutory maximum' for *Apprendi*[5] purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Id.* (emphasis in original).

In this case, Brown admitted the facts of his prior convictions in his plea agreement and at the plea hearing, and thus, they in effect were proven beyond a reasonable doubt. *See, e.g., United States v. Lechuga-Ponce*, 407 F.3d 895, 896 (7th Cir. 2005). Even if Brown had not admitted his prior convictions, "the fact of a prior conviction need not be proven beyond a reasonable doubt." *Lechuga-Ponce*, 407 F.3d at 896; *see also United States v. Pittman*, 418 F.3d 704, 709 (7th Cir. 2005) (holding that imposing a career offender sentence without resort to a jury or proof beyond a reasonable doubt of the prior convictions did not violate *Blakely*).

---

[4]Brown does not raise ineffective assistance of counsel as part of his argument that his sentence violates *Blakely* and *Booker*.

[5]The Supreme Court in *Apprendi v. New Jersey* held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000).

8

Also flawed is his claim based on *United States v. Booker*, 125 S. Ct. 738, 756 (2005).[6] "*Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005." *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). Because Brown was sentenced on February 4, 2003, there is no question that Brown's conviction and sentence became final prior to the *Booker* decision. Accordingly, this argument fails.

In sum, Brown has failed to establish ineffective assistance of counsel and any violation of *Blakely* and *Booker* to support his Section 2255 motion. The Court therefore denies his motion.

## CONCLUSION

For the reasons set forth, the Court denies Brown's motion brought pursuant to 28 U.S.C. § 2255 and hereby terminates this case.

**SO ORDERED**  ENTERED: 12/22/05

**HON. RONALD A. GUZMAN**
**United States Judge**

---

[6]In *Booker*, the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty of a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S. Ct. 738, 756 (2005). The Supreme Court decided *Booker* together with *United States v. Fanfan* in a single opinion.

9